ACCEPTED
15-24-00036-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
1/10/2025 4:11 PM
CHRISTOPHER A. PRINE
CLERK

**TAB 2**

Select TCEQ Rules from 30 Tex. Admin. Code, Chapter 55 Subchapter F, Governing Contested Case Hearing Requests

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
1/10/2025 4:11:58 PM
CHRISTOPHER A. PRINE
Clerk

Texas Administrative Code
  Title 30. Environmental Quality
    Part 1. Texas Commission on Environmental Quality
      Chapter 55. Requests for Reconsideration and Contested Case Hearings; Public Comment
        Subchapter F. Requests for Reconsideration or Contested Case Hearing

30 TAC § 55.201

§ 55.201. Requests for Reconsideration or Contested Case Hearing

Effective: January 7, 2021
Currentness

(a) A request for reconsideration or contested case hearing must be filed no later than 30 days after the chief clerk mails (or otherwise transmits) the executive director's decision and response to comments and provides instructions for requesting that the commission reconsider the executive director's decision or hold a contested case hearing.

(b) The following may request a contested case hearing under this chapter:

(1) the commission;

(2) the executive director;

(3) the applicant; and

(4) affected persons, when authorized by law.

(c) A request for a contested case hearing by an affected person must be in writing, must be filed with the chief clerk within the time provided by subsection (a) of this section, may not be based on an issue that was raised solely in a public comment withdrawn by the commenter in writing by filing a withdrawal letter with the chief clerk prior to the filing of the Executive Director's Response to Comment, and, for applications filed on or after September 1, 2015, must be based only on the requestor's timely comments.

(d) A hearing request must substantially comply with the following:

(1) give the name, address, daytime telephone number, and, where possible, fax number of the person who files the request. If the request is made by a group or association, the request must identify one person by name, address, daytime telephone number, and, where possible, fax number, who shall be responsible for receiving all official communications and documents for the group;

(2) identify the person's personal justiciable interest affected by the application, including a brief, but specific, written statement explaining in plain language the requestor's location and distance relative to the proposed facility or activity that is the subject of the application and how and why the requestor believes he or she will be adversely affected by the proposed facility or activity in a manner not common to members of the general public;

(3) request a contested case hearing;

(4) for applications filed:

(A) before September 1, 2015, list all relevant and material disputed issues of fact that were raised during the public comment period and that are the basis of the hearing request. To facilitate the commission's determination of the number and scope of issues to be referred to hearing, the requestor should, to the extent possible, specify any of the executive director's responses to comments that the requestor disputes and the factual basis of the dispute and list any disputed issues of law or policy; or

(B) on or after September 1, 2015, list all relevant and material disputed issues of fact that were raised by the requestor during the public comment period and that are the basis of the hearing request. To facilitate the commission's determination of the number and scope of issues to be referred to hearing, the requestor should, to the extent possible, specify any of the executive director's responses to the requestor's comments that the requestor disputes, the factual basis of the dispute, and list any disputed issues of law; and

(5) provide any other information specified in the public notice of application.

(e) Any person, other than a state agency that is prohibited by law from contesting the issuance of a permit or license as set forth in §55.103 of this title (relating to Definitions), may file a request for reconsideration of the executive director's decision. The request must be in writing and be filed by United States mail, facsimile, or hand delivery with the chief clerk within the time provided by subsection (a) of this section. The request should also contain the name, address, daytime telephone number, and, where possible, fax number of the person who files the request. The request for reconsideration must expressly state that the person is requesting reconsideration of the executive director's decision, and give reasons why the decision should be reconsidered.

(f) Documents that are filed with the chief clerk before the public comment deadline that comment on an application but do not request reconsideration or a contested case hearing shall be treated as public comment.

(g) Procedures for late filed public comments, requests for reconsideration, or contested case hearing are as follows.

(1) A request for reconsideration or contested case hearing, or public comment shall be processed under §55.209 of this title (relating to Processing Requests for Reconsideration and Contested Case Hearing) or under §55.156 of this title (relating to Public Comment Processing), respectively, if it is filed by the deadline. The chief clerk shall accept a request for reconsideration or contested case hearing, or public comment that is filed after the deadline but the chief clerk shall not process it. The chief clerk shall place the late documents in the application file.

(2) The commission may extend the time allowed to file a request for reconsideration, or a request for a contested case hearing.

(h) Any person, except the applicant, the executive director, the public interest counsel, and a state agency that is prohibited by law from contesting the issuance of a permit or license as set forth in §55.103 of this title, who was provided notice as required under Chapter 39 of this title (relating to Public Notice) but who failed to file timely public comment, failed to file a timely hearing request, failed to participate in the public meeting held under §55.154 of this title (relating to Public Meetings), and failed to participate in the contested case hearing under Chapter 80 of this title (relating to Contested Case Hearings) may file a motion for rehearing under §50.119 of this title (relating to Notice of Commission Action, Motion for Rehearing), or §80.272 of this title (relating to Motion for Rehearing) or may file a motion to overturn the executive director's decision under §50.139 of this title (relating to Motion to Overturn Executive Director's Decision) only to the extent of the changes from the draft permit to the final permit decision.

(i) Applications for which there is no right to a contested case hearing include:

(1) a minor amendment or minor modification of a permit under Chapter 305, Subchapter D of this title (relating to Amendments, Renewals, Transfers, Corrections, Revocation, and Suspension of Permits);

(2) a Class 1 or Class 2 modification of a permit under Chapter 305, Subchapter D of this title;

(3) any air permit application for the following:

(A) initial issuance of an electric generating facility permit;

(B) permits issued under Chapter 122 of this title (relating to Federal Operating Permits Program);

(C) a permit issued under Chapter 116, Subchapter B, Division 6 of this title (relating to Prevention of Significant Deterioration Review) that would authorize only emissions of greenhouse gases as defined in §101.1 of this title (relating to Definitions); or

(D) amendment, modification, or renewal of an air application that would not result in an increase in allowable emissions and would not result in the emission of an air contaminant not previously emitted. The commission may hold a contested case hearing if the application involves a facility for which the applicant's compliance history contains violations that are unresolved and that constitute a recurring pattern of egregious conduct that demonstrates a consistent disregard for the regulatory process, including the failure to make a timely and substantial attempt to correct the violations;

(4) hazardous waste permit renewals under §305.65(8) of this title (relating to Renewal);

(5) an application, under Texas Water Code, Chapter 26, to renew or amend a permit if:

(A) the applicant is not applying to:

(i) increase significantly the quantity of waste authorized to be discharged; or

(ii) change materially the pattern or place of discharge;

(B) the activity to be authorized by the renewal or amended permit will maintain or improve the quality of waste authorized to be discharged;

(C) any required opportunity for public meeting has been given;

(D) consultation and response to all timely received and significant public comment has been given; and

(E) the applicant's compliance history for the previous five years raises no issues regarding the applicant's ability to comply with a material term of the permit;

(6) an application for a Class I injection well permit used only for the disposal of nonhazardous brine produced by a desalination operation or nonhazardous drinking water treatment residuals under Texas Water Code, §27.021, concerning Permit for Disposal of Brine from Desalination Operations or of Drinking Water Treatment Residuals in Class I Injection Wells;

(7) the issuance, amendment, renewal, suspension, revocation, or cancellation of a general permit, or the authorization for the use of an injection well under a general permit under Texas Water Code, §27.025, concerning General Permit Authorizing Use of Class I Injection Well to Inject Nonhazardous Brine from Desalination Operations or Nonhazardous Drinking Water Treatment Residuals;

(8) an application for a permit, registration, license, or other type of authorization required to construct, operate, or authorize a component of the FutureGen project as defined in §91.30 of this title (relating to Definitions), if the application was submitted on or before January 1, 2018;

(9) other types of applications where a contested case hearing request has been filed, but no opportunity for hearing is provided by law; and

(10) an application for a production area authorization, except as provided in accordance with §331.108 of this title (relating to Opportunity for a Contested Case Hearing on a Production Area Authorization Application).

**Credits**

**Source:** The provisions of this §55.201 adopted to be effective October 20, 1999, 24 TexReg 9015; amended to be effective September 16, 2004, 29 TexReg 8817; amended to be effective March 29, 2006, 31 TexReg 2482; amended to be effective July 10, 2008, 33 TexReg 5325; amended to be effective March 12, 2009, 34 TexReg 1624; amended to be effective May 3, 2012,

37 TexReg 3133; amended to be effective April 17, 2014, 39 TexReg 2869; amended to be effective December 11, 2014, 39 TexReg 9578; amended to be effective December 31, 2015, 40 TexReg 9660; amended to be effective May 14, 2020, 45 TexReg 3079; amended to be effective January 7, 2021, 46 TexReg 189.

Current through 49 Tex.Reg. No. 9842, dated November 30, 2024, as effective on or before December 6, 2024. Some sections may be more current. See credits for details.

30 TAC § 55.201, 30 TX ADC § 55.201

---

**End of Document**

© 2025 Thomson Reuters. No claim to original U.S. Government Works.

Texas Administrative Code
  Title 30. Environmental Quality
    Part 1. Texas Commission on Environmental Quality
      Chapter 55. Requests for Reconsideration and Contested Case Hearings; Public Comment
        Subchapter F. Requests for Reconsideration or Contested Case Hearing

30 TAC § 55.203

§ 55.203. Determination of Affected Person

Effective: December 31, 2015
Currentness

(a) For any application, an affected person is one who has a personal justiciable interest related to a legal right, duty, privilege, power, or economic interest affected by the application. An interest common to members of the general public does not qualify as a personal justiciable interest.

(b) Except as provided by §55.103 of this title (relating to Definitions), governmental entities, including local governments and public agencies, with authority under state law over issues raised by the application may be considered affected persons.

(c) In determining whether a person is an affected person, all factors shall be considered, including, but not limited to, the following:

(1) whether the interest claimed is one protected by the law under which the application will be considered;

(2) distance restrictions or other limitations imposed by law on the affected interest;

(3) whether a reasonable relationship exists between the interest claimed and the activity regulated;

(4) likely impact of the regulated activity on the health and safety of the person, and on the use of property of the person;

(5) likely impact of the regulated activity on use of the impacted natural resource by the person;

(6) for a hearing request on an application filed on or after September 1, 2015, whether the requestor timely submitted comments on the application that were not withdrawn; and

(7) for governmental entities, their statutory authority over or interest in the issues relevant to the application.

(d) In determining whether a person is an affected person for the purpose of granting a hearing request for an application filed on or after September 1, 2015, the commission may also consider the following:

(1) the merits of the underlying application and supporting documentation in the commission's administrative record, including whether the application meets the requirements for permit issuance;

(2) the analysis and opinions of the executive director; and

(3) any other expert reports, affidavits, opinions, or data submitted by the executive director, the applicant, or hearing requestor.

(e) In determining whether a person is an affected person for the purpose of granting a hearing request for an application filed before September 1, 2015, the commission may also consider the factors in subsection (d) of this section to the extent consistent with case law.

**Credits**
**Source:** The provisions of this §55.203 adopted to be effective October 20, 1999, 24 TexReg 9015; amended to be effective May 3, 2012, 37 TexReg 3133; amended to be effective December 31, 2015, 40 TexReg 9660.

Current through 49 Tex.Reg. No. 9842, dated November 30, 2024, as effective on or before December 6, 2024. Some sections may be more current. See credits for details.

30 TAC § 55.203, 30 TX ADC § 55.203

---

**End of Document**

© 2025 Thomson Reuters. No claim to original U.S. Government Works.

Texas Administrative Code
  Title 30. Environmental Quality
    Part 1. Texas Commission on Environmental Quality
      Chapter 55. Requests for Reconsideration and Contested Case Hearings; Public Comment
        Subchapter F. Requests for Reconsideration or Contested Case Hearing

30 TAC § 55.205

§ 55.205. Request by Group or Association

Effective: December 31, 2015
Currentness

(a) A group or association may request a contested case hearing only if the group or association meets all of the following requirements:

(1) one or more members of the group or association would otherwise have standing to request a hearing in their own right;

(2) the interests the group or association seeks to protect are germane to the organization's purpose; and

(3) neither the claim asserted nor the relief requested requires the participation of the individual members in the case.

(b) For applications filed on or after September 1, 2015, a request by a group or association for a contested case may not be granted unless all of the following requirements are met:

(1) comments on the application are timely submitted by the group or association;

(2) the request identifies, by name and physical address, one or more members of the group or association that would otherwise have standing to request a hearing in their own right;

(3) the interests the group or association seeks to protect are germane to the organization's purpose; and

(4) neither the claim asserted nor the relief requested requires the participation of the individual members in the case.

(c) The executive director, the public interest counsel, or the applicant may request that a group or association provide an explanation of how the group or association meets the requirements of subsection (a) or (b) of this section. The request and reply shall be filed according to the procedure in §55.209 of this title (relating to Processing Requests for Reconsideration and Contested Case Hearing).

**Credits**

**Source:** The provisions of this §55.205 adopted to be effective October 20, 1999, 24 TexReg 9015; amended to be effective December 31, 2015, 40 TexReg 9660.

Current through 49 Tex.Reg. No. 9842, dated November 30, 2024, as effective on or before December 6, 2024. Some sections may be more current. See credits for details.

30 TAC § 55.205, 30 TX ADC § 55.205

---

**End of Document**                                                      © 2025 Thomson Reuters. No claim to original U.S. Government Works.

Texas Administrative Code
  Title 30. Environmental Quality
    Part 1. Texas Commission on Environmental Quality
      Chapter 55. Requests for Reconsideration and Contested Case Hearings; Public Comment
        Subchapter F. Requests for Reconsideration or Contested Case Hearing

30 TAC § 55.211

§ 55.211. Commission Action on Requests for Reconsideration and Contested Case Hearing

Effective: December 31, 2015

Currentness

(a) Commission consideration of the following items is not itself a contested case subject to the Texas Administrative Procedure Act (APA):

(1) public comment;

(2) executive director's response to comment;

(3) request for reconsideration; or

(4) request for contested case hearing.

(b) The commission will evaluate public comment, executive director's response to comment, requests for reconsideration, and requests for contested case hearing and may:

(1) grant or deny the request for reconsideration;

(2) determine that a hearing request does not meet the requirements of this subchapter, and act on the application; or

(3) determine that a hearing request meets the requirements of this subchapter and:

(A) if the request raises disputed issues of fact that were raised during the comment period, that were not withdrawn by the commenter in writing by filing a withdrawal letter with the chief clerk prior to the filing of the Executive Director's Response to Comment, and that are relevant and material to the commission's decision on the application:

(i) specify the number and scope of the specific factual issues to be referred to the State Office of Administrative Hearings (SOAH);

(ii) specify the maximum expected duration of the hearing; and

(iii) direct the chief clerk to refer the issues to SOAH for a hearing; or

(B) if the request raises only disputed issues of law or policy, make a decision on the issues and act on the application; or

(4) direct the chief clerk to refer the hearing request to SOAH. The referral may specify that SOAH should prepare a recommendation on the sole question of whether the requestor is an affected person. If the commission refers the hearing request to SOAH it shall be processed as a contested case under the APA. If the commission determines that a requestor is an affected person, SOAH may proceed with a contested case hearing on the application if either the commission has specified, or the parties have agreed to, the number and scope of the issues and maximum expected duration of the hearing.

(c) A request for a contested case hearing shall be granted if the request is:

(1) made by the applicant or the executive director;

(2) made by an affected person if the request:

(A) is on an application filed:

(i) before September 1, 2015, and raises disputed issues of fact that:

(I) were raised during the comment period;

(II) were not withdrawn by the commenter by filing a withdrawal letter with the chief clerk prior to the filing of the executive director's response to comment; and

(III) are relevant and material to the commission's decision on the application; or

(ii) on or after September 1, 2015, and raises disputed issues of fact or mixed questions of fact or law that:

(I) were raised during the comment period by the affected person whose request is granted;

(II) were not withdrawn by filing a withdrawal letter with the chief clerk prior to the filing of the executive director's response to comment;, and

(III) are relevant and material to the commission's decision on the application;

(B) is timely filed with the chief clerk;

(C) is pursuant to a right to hearing authorized by law; and

(D) complies with the requirements of §55.201 of this title (relating to Requests for Reconsideration or Contested Case Hearing).

(d) Notwithstanding any other commission rules, the commission may refer an application to SOAH if the commission determines that:

(1) a hearing would be in the public interest; or

(2) the application is for an amendment, modification, or renewal of an air permit under Texas Health and Safety Code, §382.0518 or §382.055 that involves a facility for which the applicant's compliance history contains violations which are unresolved and which constitute a recurring pattern of egregious conduct which demonstrates a consistent disregard for the regulatory process, including the failure to make a timely and substantial attempt to correct the violations.

(3) the application is for renewal of a hazardous waste permit, subject to §305.65(8) of this title (relating to Renewal) and the applicant's compliance history as determined under Chapter 60 of this title (relating to Compliance History) raises an issue regarding the applicant's ability to comply with a material term of its permit.

(4) the application is for renewal or amendment of a wastewater discharge permit and the applicant's compliance history as determined under Chapter 60 of this title raises an issue regarding the applicant's ability to comply with a material term of its permit.

(e) If a request for a contested case hearing is granted, a decision on a request for reconsideration or contested case hearing is an interlocutory decision on the validity of the request or issue and is not binding on the issue of designation of parties under §80.109 of this title (relating to Designation of Parties) or the issues referred to SOAH under this section. A judge may consider additional issues beyond the list referred by the commission as provided by §80.4(c)(16) of this title (relating to Judges). A person whose request for reconsideration or contested case hearing is denied may still seek to be admitted as a party under §80.109 of this title if any hearing request is granted on an application. Failure to seek party status shall be deemed a withdrawal of a person's request for reconsideration or hearing request.

(f) If all requests for reconsideration or contested case hearing are denied, §80.272 of this title (relating to Motion for Rehearing) applies. A motion for rehearing in such a case must be filed not later than 25 days after the date that the commission's final decision or order is signed, unless the time for filing the motion for rehearing has been extended under Texas Government Code, §2001.142 and §80.276 of this title (relating to Request for Extension to File Motion for Rehearing), by agreement under Texas Government Code, §2001.147, or by the commission's written order issued pursuant to Texas Government Code, §2001.146(e). If the motion is denied under §80.272 and §80.273 of this title (relating to Motion for Rehearing and Decision Final and Appealable) the commission's decision is final and appealable under Texas Water Code, §5.351 or Texas Health and Safety Code, §361.321 or §382.032, or under the APA.

(g) If all hearing requestors whose requests for a contested case hearing were granted with regard to an issue, withdraw in writing their hearing requests with regard to the issue before issuance of the notice of the contested case hearing, the scope of the hearing no longer includes that issue except as authorized under §80.4(c)(16) of this title.

**Credits**

**Source:** The provisions of this §55.211 adopted to be effective October 20, 1999, 24 TexReg 9015; amended to be effective August 29, 2002, 27 TexReg 7822; amended to be effective December 31, 2015, 40 TexReg 9660.

Current through 49 Tex.Reg. No. 9842, dated November 30, 2024, as effective on or before December 6, 2024. Some sections may be more current. See credits for details.

30 TAC § 55.211, 30 TX ADC § 55.211

---

**End of Document**

© 2025 Thomson Reuters. No claim to original U.S. Government Works.

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Kim McBride on behalf of Derek Seal
Bar No. 797404
kmcbride@mcginnislaw.com
Envelope ID: 96098837
Filing Code Description: Exhibits - Exempt
Filing Description: Appellants' Exhibits For Oral Argument
Status as of 1/10/2025 4:37 PM CST

Associated Case Party: Calhoun Port Authority

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Michael Woodward | 21979300 | mwoodward@hslawmail.com | 1/10/2025 4:11:58 PM | SENT |
| Barton Hejny | 24082231 | bhejny@hslawmail.com | 1/10/2025 4:11:58 PM | SENT |
| Petrus J.Wassdorf | | pwassdorf@hslawmail.com | 1/10/2025 4:11:58 PM | SENT |
| Alan Sanders | | alan.sanders@dinsmore.com | 1/10/2025 4:11:58 PM | SENT |

Associated Case Party: Texas Oil & Gas Association

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Samia Broadaway | 24088322 | samia.broadaway@bakerbotts.com | 1/10/2025 4:11:58 PM | SENT |
| Beau Carter | | beau.carter@bakerbotts.com | 1/10/2025 4:11:58 PM | SENT |

Associated Case Party: Max Midstream, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Derek  Seal | | dseal@mcginnislaw.com | 1/10/2025 4:11:58 PM | SENT |
| Jordan  Mullins | | jmullins@mcginnislaw.com | 1/10/2025 4:11:58 PM | SENT |
| April Lucas | | alucas@mcginnislaw.com | 1/10/2025 4:11:58 PM | SENT |
| Kim McBride | | kmcbride@mcginnislaw.com | 1/10/2025 4:11:58 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Colton Halter | | colton.halter@oag.texas.gov | 1/10/2025 4:11:58 PM | SENT |
| Debbie Trevino | | debbie.trevino@dinsmore.com | 1/10/2025 4:11:58 PM | SENT |

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Kim McBride on behalf of Derek Seal
Bar No. 797404
kmcbride@mcginnislaw.com
Envelope ID: 96098837
Filing Code Description: Exhibits - Exempt
Filing Description: Appellants' Exhibits For Oral Argument
Status as of 1/10/2025 4:37 PM CST

Associated Case Party: Texas Commission on Environmental Quality

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Erin Snody | | erin.snody@oag.texas.gov | 1/10/2025 4:11:58 PM | SENT |
| Annalisa Guartuche | | annalisa.guartuche@oag.texas.gov | 1/10/2025 4:11:58 PM | SENT |
| Sara Ferris | | sara.ferris@oag.texas.gov | 1/10/2025 4:11:58 PM | SENT |
| David Laurent | | david.laurent@oag.texas.gov | 1/10/2025 4:11:58 PM | SENT |

Associated Case Party: San Antonio Bay Estuarine Waterkeeper

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Erin Gaines | | egaines@earthjustice.org | 1/10/2025 4:11:58 PM | SENT |
| Michelle Carlos | | mcarlos@earthjustice.org | 1/10/2025 4:11:58 PM | SENT |
| Claire Huebler | | chuebler@earthjustice.org | 1/10/2025 4:11:58 PM | SENT |
| Ilan Levin | | ilevin@environmentalintegrity.org | 1/10/2025 4:11:58 PM | SENT |

Associated Case Party: Texas Campaign for the Environment

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Erin Gaines | | egaines@earthjustice.org | 1/10/2025 4:11:58 PM | SENT |
| Michelle Carlos | | mcarlos@earthjustice.org | 1/10/2025 4:11:58 PM | SENT |
| Claire Huebler | | chuebler@earthjustice.org | 1/10/2025 4:11:58 PM | SENT |
| Ilan Levin | | ilevin@environmentalintegrity.org | 1/10/2025 4:11:58 PM | SENT |

Associated Case Party: S.DianeWilson

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Kim McBride on behalf of Derek Seal
Bar No. 797404
kmcbride@mcginnislaw.com
Envelope ID: 96098837
Filing Code Description: Exhibits - Exempt
Filing Description: Appellants' Exhibits For Oral Argument
Status as of 1/10/2025 4:37 PM CST

Associated Case Party: S.DianeWilson

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Ethan Siegel | | esiegel@trla.org | 1/10/2025 4:11:58 PM | SENT |
| Karis Adams | | karisadams@trla.org | 1/10/2025 4:11:58 PM | SENT |